COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| GERARDO OGAZ, | § | No. 08-19-00137-CR |
| Appellant, | § | Appeal from the |
| v. | § | 394th Judicial District Court |
| THE STATE OF TEXAS, | § | of Culberson County, Texas |
| Appellee. | § | (TC# 1789) |

# **O P I N I O N**

Appellant, Gerardo Ogaz[1], appeals his convictions of Intoxication Manslaughter (Count I) with an affirmative finding of the special issue that Appellant used a deadly weapon, and failure to stop and render assistance (Count II). *See* TEX.PENAL CODE ANN. §§ 49.08, 12.42(b) (defining penalties for repeat and habitual felony offenders on trial); *see also* TRANSP.CODE ANN. § 550.021. Counsel for Appellant filed a brief in compliance with *Anders v. California,* 386 U.S. 738, 744 (1967). Appellant filed a pro se brief asserting legal and factual insufficiency of the evidence, challenges in proving the chain of custody, error in admitting several of the State's exhibits and undue delay, jury charge error on causation language and defining elements, and ineffective

---

[1] The record shows Appellant's last name spelled as Ogas and Ogaz.

assistance of counsel. The State, thereafter, filed a response brief addressing Appellant's pro se appeal. We affirm.

## I. FACTUAL SUMMARY

The State indicted Appellant for intoxication manslaughter and failure to stop and render assistance. Both offenses included enhancement language alleging Appellant had two prior felony offenses, and the intoxication manslaughter offense also alleged Appellant used a deadly weapon. Appellant pleaded true to the two enhancements in the indictment. He opted for the jury to decide his punishment. The jury assessed Appellant's punishment at fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice with no fine for intoxication manslaughter, and twenty-five years' confinement with no fine for failure to stop and render assistance. The trial court sentenced Appellant accordingly and directed that the sentences run concurrently.

## II. ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit, and filed a motion to withdraw as counsel. The brief meets the requirements of *Anders*, 386 U.S. at 744, by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex.Crim.App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978). Counsel has notified the Court in writing that he has delivered a copy of counsel's brief and the motion to withdraw to Appellant,

and he has advised Appellant of his right to review the record, file a pro se brief, and to seek discretionary review.[2] *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex.Crim.App. 2014) (setting forth duties of counsel). Trial counsel, on behalf of Appellant, timely filed a notice of appeal and motion for the record to be at no cost.[3] Appellant has filed a pro se brief.[4]

The reviewing court has two choices when faced with both an *Anders* brief and a pro se brief. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005). An appellate court may determine either: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* This Count need not address the merits of the issues raised in *Anders* briefs or pro se responses. *Id.*

After carefully reviewing the record, counsel's brief, Appellant's pro se brief, and the State's response, we agree with counsel and conclude that the appeal is wholly frivolous. Further, we find nothing in the record that might arguably support the appeal and find appointment of new counsel to re-brief the appeal unnecessary. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991) (en banc). We grant appellate counsel's motion to withdraw in accordance with *Anders v. California*.

## III. CONCLUSION

We affirm the trial court's judgment.

---

[2] Appellant acknowledged his right to file a pro se response and requested an extension for appellate records.

[3] Appellant also requested a copy of the records himself.

[4] This Court granted Appellant three extensions to file his pro se brief and denied Appellant's pro se request for an evidentiary hearing.

JEFF ALLEY, Justice

June 18, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)